AARON D. FORD
  Attorney General
Sabrena K. Clinton (Bar No. 6499)
  Senior Deputy Attorney General
Victoria C. Corey (Bar No. 16364)
  Senior Deputy Attorney General
State of Nevada
Office of the Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, NV 89119
(702) 486-3420 (phone)
(702) 486-3768 (fax)
sclinton@ag.nv.gov

*Attorneys for Honorable Judge
Robert W. Lane*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY D. GRECO,<br><br>          Plaintiff,<br><br>vs.<br><br>HON. ROBERT W. LANE, in his official capacity; NEVADA DEPARTMENT OF CORRECTIONS; COMMISSIONER OF THE NEVADA DEPARTMENT OF CORRECTIONS; WARDEN JOHN DOE, High Desert State Prison; WARDEN JOHN DOE, Three Lakes Conservation Camp; COMMISSIONER, Nevada Division of Parole and Probation; NEVADA ATTORNEY GENERAL JOHN DOE; NYE COUNTY; NYE COUNTY COMMISSIONERS; SHERIFF SHARON WEHRLY (post mortem); CAPTAIN DAVID BORUCHOWITZ; NYE COUNTY JAIL PERSONNEL DOES 1-10; BRIAN KUNZI, Nye County District Attorney,<br><br>          Defendants, | Case No. 2:25-cv-02493--GMN-BNW<br><br><br>**DEFENDANT HONORABLE ROBERT W. LANE'S MOTION TO DISMISS PLAINTIFF ANTHONY D. GRECO'S FIRST AMENDED COMPLAINT**<br>**(ECF NO. 9)** |

Defendant Honorable Judge Robert W. Lane (Judge Lane), through counsel, brings this motion to dismiss Plaintiff Anthony D. Greco's first amended complaint (ECF No. 9) pursuant to FRCP 12(b)(5) and (6).

This motion is based on the following memorandum of points and authorities, the pleadings and papers on file herein, and any oral argument ordered by the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

The Court should dismiss Plaintiff Anthony Greco's (Greco) first amended complaint (ECF No. 9) for the following reasons.  First, Greco failed to serve a summons and complaint on Judge Lane pursuant to FRCP 4.  Nor did Greco satisfy Nevada's dual service requirement which, in addition to serving the state official or his designated agent, also requires a copy of the complaint and summons to be served on the Nevada Attorney General or his designated agent at the Office of the Attorney General in Carson City, Nevada for effective service.  Second, Greco failed to state claims upon which relief can be granted under FRCP 12(b)(6) because Judge Lane in his official capacity is not a "person" for purposes of a damages claim under 42 U.S.C. 1983.  And to the extent that Greco is seeking injunctive relief, he failed to describe any conduct of Judge Lane that he seeks to enjoin.  Third, Greco failed to name the State as a defendant, which is required to pursue tort claims against a state official. Fourth, Judge Lane has judicial and Eleventh Amendment immunity from Greco's claims.  For these reasons, Judge Lane requests that Greco's first amended complaint be dismissed with prejudice.

### RELEVANT FACTS

Greco filed a first amended complaint (FAC) pursuant to 42 U.S.C. 1983 on February 2, 2026, alleging that he was unlawfully detained in custody subsequent to a Nevada Appellate Court order vacating a judgment and remanding for an evidentiary hearing concerning his indigency status.  *See* ECF No. 9 (generally).  Greco sued Judge Lane only in his official capacity for declaratory and injunctive relief. *Id.,* p. 3.  Despite this assertion, Greco alleged seven claims for relief, including three tort claims against all defendants— Fourteenth Amendment due process (all defendants except Judge Lane); Fourth Amendment unlawful seizure (all defendants except Judge Lane); *Monell* Liability (Nye County and Nye County Commissioners); Supervisor Liability (NDOC Commissioner,

Wardens, Parole & Probation Commissioners, Sheriff Wehrly, Captain Boruchowitz, and DA Kunzi); Negligence (all defendants); Gross Negligence (all defendants); and False Imprisonment (all defendants).  ECF No. 9, pp. 4-6.  On March 30, 2026, Greco filed a proof of service stating that Judge Lane was served with a summons. ECF No. 10.[1]

**ARGUMENT**

**I.      Greco's FAC should be dismissed for ineffective service of process under FRCP 12(b)(5).**

For effective service under Rule 4 of the Federal Rules of Civil Procedure, a defendant must be served with a summons and complaint.  FRCP 4(c). Greco filed a proof of service stating that Judge Lane was served with a summons on March 21, 2026 (ECF No. 10-1).  But Judge Lane did not receive a summons on March 21, 2026.  He only received the FAC.  For effective service, however, a summons must be served with a copy of the complaint, and it is the plaintiff's responsibility to  furnish the necessary copies to the party who makes service.  FRCP 4(c).  Greco's failure to ensure proper service warrants dismissal pursuant to FRCP 12(b)(5).

Notwithstanding, under Nevada's dual service requirement, effective service on a state official or employee requires that a copy of the complaint and summons directed to the defendant also be served on the Attorney General or his designated agent at the Office of the Attorney General in Carson, City, Nevada.  *See* FRCP 4 (e), and NRCP 4.2(d).  Greco did not satisfy this requirement, further justifying the dismissal of his FAC.

**II.     Greco failed to allege facts stating claims for relief under 12(b)(6).**

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. FRCP 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see Hebbe v. Pliler*, 627 F.3d 338, 341–42 (9th Cir. 2010) (applying plausible standard to pro se plaintiffs).  "A claim has facial plausibility when the plaintiff

---

[1] Rather, Judge Lane was handed only a copy of the FAC on March 21, 2026.

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. And courts are not required "to credit a complaint's conclusory statements without reference to its factual context" *Id*. at 679, 686.

### A. Judge Lane is not a "person" for purposes of 42 U.S.C. 1983.

Section 1983 provides that a person who, under color of law, deprives another person of their civil rights is liable to the injured person.  42 U.S.C. 1983.  A plaintiff attempting to assert violations of constitutional rights under 42 U.S.C. 1983 must allege facts that show the individual was personally involved in the deprivation of his civil rights.  *See Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998).

Greco sued Judge Lane in his official capacity.  ECF No. 9, p. 3.  But a suit against a state official in his official capacity is not a suit against the official but rather a suit against his office and is no different from a suit against the State itself.  *See Will v. Michigan Department of State Police,* 491 U.S. 58, 71 (1989).  A State is not a "person." Accordingly, Judge Lane, in his official capacity, is not a "person" for purposes of a damages claim under 42 U.S.C. 1983.  And while a state official sued in his official capacity is a "person" under section 1983 for purposes of prospective injunctive relief (*see Will,* 491 U.S. at 71, n. 10), Greco fails to identify any conduct of Judge Lane that he is seeking to enjoin prospectively.

Further, under section 1983, in any action brought against a judicial officer for an act or omission taken in his judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.  Greco failed to allege facts demonstrating that either of these exceptions apply.

Even if Judge Lane was construed as a "person" under section 1983, Greco's FAC is bereft of facts against Judge Lane demonstrating his depravation of constitutional rights. Based on the preceding considerations, Greco's section 1983 claims against Judge Lane should be dismissed.

**B.    To the extent that Greco is seeking relief from Judge Lane in tort, his claims also fail.**

Greco alleges that he is suing Judge Lane "only in his official capacity for declaratory and injunctive purposes" (ECF No. 9, p. 3).  However, later in the complaint, Greco asserts tort claims for  negligence, gross negligence, and false imprisonment against all defendants (*Id.*, pp. 5-6).  Greco's allegations do not assert any facts specific to Judge Lane relating to the elements of these claims or otherwise showing that he is entitled to relief against Judge Lane. *Id.,* pp. 3, 5-6; *see also* ECF No. 9-1, pp. 2-3. Nor did Greco comply with the requirements of NRS 41.0337, which require a party seeking tort damages against judicial officers for acts or omissions (1) within the scope of their public duties or employment or (2) relating to public duties or employment to name the State as a defendant.  NRS 41.0337(1) and (2).  And any action against the State seeking relief in tort must comply with the requirements of NRS 41.031.  Greco's complaint did not satisfy these statutory requisites so his FAC must be dismissed.

**III.    Judge Lane has judicial immunity from Greco's claims.**

Judicial immunity is immunity from suit, not just immunity from a later assessment of damages. *See Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L.Ed.2d 9 (1991). The logic for this protection is that"[i]f judges were personally liable . . . , the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits." *See Forrester v. White,* 484 U.S. 219, 226–27, 108 S. Ct. 538, 544, 98 L. Ed. 2d 555 (1988) (discussing Judge Posner's dissent in the appellate court); *See also Stump v. Sparkman,* 435 U.S. 349, 355, 98 S. Ct. 1099, 1104, 55 L. Ed. 2d 331 (1978) (quoting *Bradley v. Fisher*, 13 Wall. 335, 347, 20 L. Ed. 646 (1872)) ("[I]t was 'a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself.'"). Moreover, "[m]ost judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful

side-effects inevitably associated with exposing judges to personal liability." *See Forrester,* 484 U.S. at 227.

A judge lacks judicial immunity only where he performs acts that are not judicial in nature or are in the clear absence of all jurisdiction. *See Ashelman v. Pope,* 793 F.2d 1072, 1075 (9th Cir. 1986). Applying these standards, Judge Lane has judicial immunity.

**A.    Any challenged acts of Judge Lane are judicial in nature.**

An act is judicial in nature and subject to immunity if: (1) the act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around the case pending before the judge; and (4) the events at issue arose out of confrontation with the judge in his or her official capacity. *Meeks v. Cty. of Riverside*, 183 F.3d 962, 967 (9th Cir. 1999). These factors are to be construed generously in favor of the judge and in light of the policies underlying judicial immunity. *Ashelman,* 793 F.2d at 1076. And a judge is not deprived of immunity because the action was taken in error, was done maliciously, or was in excess of authority. *Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006); *See also Stump*, 435 U.S. at 356-357 (citing *Bradley*, 80 U.S. at 350-51).

Ruling on motions, issuing orders, and exercising control over the courtroom are normal judicial functions within the jurisdiction of a court. *See Luckett v. Hardcastle*, No. 205CV00726RLHRJJ, 2006 WL 8441886, at *5 (D. Nev. Mar. 6, 2006) (internal citations omitted)(issuing orders pertaining to a case then before a judge is a judicial act entitled to absolute immunity and the commission of a legal error does preclude the application of immunity); *See also In re Castillo*, 297 F.3d 940, 952 (9th Cir. 2002), *as amended* (Sept. 6, 2002) ("a court's inherent power to control its docket is part of its [judicial] function" so "immunity extends to the giving—or failure to give—notice, as well as to the scheduling of the hearing.") (internal citation omitted).

While Greco failed to assert factual allegations specific to Judge Lane, his claims appear to relate to his criminal sentence and subsequent detention in a correctional facility. Judge Lane adjudicated the criminal proceeding so, to the extent Greco intends to challenge

Judge Lane's conduct, the conduct concerns acts or omissions of a judicial nature entitling Judge Lane to judicial immunity.

**B.      Judge Lane did not act in the clear absence of all jurisdiction.**

Courts must generally distinguish between actions that are taken in the "clear absence of all jurisdiction" over the subject matter, which are not afforded the protection of judicial immunity, and actions that are merely in "excess of jurisdiction," which are afforded such protection. Put simply, that a decision may have been in excess of jurisdiction or incorrect does not equate to the absence of all jurisdiction. *See Stump*, 435 U.S. at 357, n. 7 (citing *Mullis v. U.S. Bankr. for Dist. of Nev.*, 828 F.2d 1385,1389 (9th Cir. 1987) (A probate judge trying a criminal case acts in the "clear absence of all jurisdiction." A criminal judge who convicts a defendant of a nonexistent crime is acting in excess of jurisdiction but still has immunity).

Judge Lane is a judge in the Fifth Judicial District Court, Nye County.  The judicial power of this State is vested in a court system which includes the district courts.  Nev. Const. art. 6 § 1.  And the district courts have "original jurisdiction in all cases excluded by law from the original jurisdiction of the justices' courts."  Nev. Const. art. 6 § 6.  Greco's challenges concern his incarceration after his criminal conviction.  There is no allegation that Judge Lane lacked jurisdiction over Greco's criminal proceeding.  *See* FAC (generally). Accordingly, Judge Lane did not act in the clear absence of all jurisdiction entitling him to judicial immunity from Greco's claims.

**IV.      Judge Lane has Eleventh Amendment immunity from Greco's official capacity claims.**

The Eleventh Amendment prohibits "federal suits against unconsenting states, their agencies, and their officers 'regardless of the nature of the relief sought.'" *See Crowe v. Oregon State Bar*, 989 F.3d 714, 730 (9th Cir. 2021) (per curiam) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)); U.S. Const. amend. XI.  Nevada has explicitly refused to waive its immunity to suit under the Eleventh Amendment. *See* NRS 41.031(3); *see also O'Connor v. State of Nev.*, 686 F.2d 749, 750 (9th Cir. 1982).  A state

official sued in his official capacity has Eleventh Amendment immunity from damages. *See Bair v. Krug*, 853 F.2d 672, 675 (9th Cir. 1988); *see also Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007).

As previously stated, Greco sued Judge Lane in his official capacity. ECF No. 9, p. 3. For the preceding reasons, to the extent that Greco is seeking damages against Judge Lane, his claims fail based on Eleventh Amendment immunity and should be dismissed.

## CONCLUSION

The Court should dismiss Greco's FAC with prejudice because Judge Lane has judicial and Eleventh Amendment immunity from his claims. Further, Greco failed to allege facts stating claims for relief against Judge Lane under 42 U.S.C. 1983 or in tort. Nor did Greco effectuate proper service of process. Based on the preceding considerations, Judge Lane requests that the FAC be dismissed with prejudice.

DATED this 15th day of April, 2026.

AARON D. FORD
Attorney General

By: */s/ Sabrena K. Clinton*
  Sabrena K. Clinton (Bar No. 6499)
   Senior Deputy Attorney General
  Victoria C. Corey (Bar No. 16364)
   Senior Deputy Attorney General
  State of Nevada
  Office of the Attorney General

  *Attorneys for Honorable Judge*
  *Robert W. Lane*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on April 15, 2026, I filed the foregoing document via this Court's electronic filing system. Parties that are registered with this Court's EFS will be served electronically.

Mr. Anthony D. Greco
5980 Pahrump Valley Blvd.
Pahrump, NV 89048

*Plaintiff Pro Per*

/s/ *R. Carreau*
An employee of the State of Nevada,
Office of the Attorney General