**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Anthony Greco,

Plaintiff,

v.

Honorable Robert W. Lane, et al.,

Defendants.

Case No. 2:25-cv-02493-GMN-BNW

**ORDER**

Before this Court is Defendant Nye County's motion to quash and objections to Plaintiff's FRCP 30(b)(6) notice of deposition. ECF No. 58. Plaintiff opposed and Defendant replied. ECF Nos. 61, 66.

Also before the Court is Plaintiff's motion for use of supplemental audio recording during deposition. ECF No. 55. Defendant Nye County opposed. ECF No. 64. No reply was filed.

The parties are familiar with the arguments. As a result, this Court only addresses them as relevant to its order.

## I. Background

On July 20, 2026, Plaintiff served two Rule 30(b)(6) notices of deposition on Nye County. ECF No. 58 Exhibits A and B. Both notices (1) name Mark Gancarz as the person to testify on the County's behalf, (2) request the production of documents, and (3) designate the recording method by stenographic means and/or video recording. *Id*.

## II. Discussion

### A. Request for Documents

A Rule 30(b)(6) notice is a mechanism for deposition testimony. Fed. R. Civ. P. 30(b)(6). Document discovery from the County must proceed under Rule 34. Fed. R. Civ. P. 34.

### B. Designation of Witness

Rule 30(b)(6) allocates the choice of witness to the responding organization, not the noticing party. Once the notice describes the matters for examination, the "named organization

must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf." Fed. R. Civ. P. 30(b)(6); *see Great Am. Ins. Co. of N.Y. v. Vegas Constr. Co*., 251 F.R.D. 534, 538 (D. Nev. 2008). The noticing party describes the topics; the organization selects and prepares the witness. Plaintiff's notice inverts that structure by naming Gancarz as the County's designee. That designation is improper, and the County need not produce Gancarz as its Rule 30(b)(6) witness. Plaintiff can always depose Gancarz in his individual capacity if he wishes to do so under Rule 30.

**C. Service and Future Subpoenas**

Service of discovery requests and other litigation papers on Defendant Nye County must be made on their counsel of record, not on County officials directly. Fed. R. Civ. P. 5(b)(1). Plaintiff must likewise coordinate the scheduling of any deposition with defense counsel and must direct communications concerning this litigation to them rather than County officials.

Any subpoena Plaintiff serves on a nonparty must comply with Rule 45(a)(4), which requires that notice and a copy of the subpoena be served on each party before the subpoena is served on the person to whom it is directed.

To the extent the Defendant asks the court to quash subpoenas it does not identify, that request is denied without prejudice; this Court cannot quash a subpoena not before it, and Defendant may seek relief as to any specific subpoena should the need arise.

**D. Recording Method**

Plaintiff moves to use the Mobvoi TicNote, an artificial-intelligence voice recorder, to maintain a secondary audio record of the depositions. ECF No. 55. Rule 30(b)(3)(B) permits any party, with prior notice to the deponent and the other parties, to designate an additional method of recording the testimony. Plaintiff's motion supplies the notice Rule 30(b)(3)(B) requires, so no procedural defect remains for this Court to resolve.

Because the depositions noticed in Exhibits A and B will not proceed on the current notices, the motion is moot. Should Plaintiff re-notice his 30(b0(6) deposition and designate this methos of recording, Defendants may file the appropriate motion to address any concerns they might have.

### III. Conclusion

Given the above, Defendant's objections are sustained. Should Plaintiff wish to re-notice the deposition, he is reminded that (1) any document requests must proceed under Ruel 34, (2) he may not designate the Ruel 30(b)(6) witness(es) and (3) his notice must describe "with reasonable particularity the matters on which examination is requested." Fed. R. Civ. P. 30(b)(6).

**IT IS ORDERED** that Defendant Nye County's motion (ECF No. 58) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion (ECF No. 55) is **DENIED** as moot.

DATED: August 19, 2026.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE